# FARNAN LLP

February 19, 2015

**VIA E-FILING**
The Honorable Richard G. Andrews
844 North King Street
Unit 9, Room 6325
Wilmington, DE 19801

      Re:    *TQ Delta, LLC v. Zhone Technologies, Inc.,* Case No. 13-cv-1836-RGA

Dear Judge Andrews:

      We write on behalf of Plaintiff TQ Delta, LLC ("TQ Delta") with respect to a straightforward discovery dispute. Defendant Zhone Technologies, Inc. ("Zhone") clawed back and is withholding an admittedly responsive and relevant document due to alleged third party confidentiality obligations. Zhone is withholding this information despite this Court's entry of a Protective Order (D.I 33) that applies to such information.

      Zhone is currently withholding at least one core technical document, although this issue may also extend to additional third party information and documents in Zhone's possession, custody, or control. In particular, the document being withheld by Zhone relates to DSL chips supplied by Lantiq Beteiligungs-GmbH & Co. KG ("Lantiq"), which chips provide DSL functionality to certain models of Zhone's accused products. (*See* Ex. A at p. 7 (listing of chips for accused products).) Based on the parties' recent meet and confer, Zhone does not dispute the relevance or responsiveness of the document, nor does Zhone claim that its production would present it with any undue burden. Indeed, Zhone already produced the document once before clawing it back.

      The March 31, 2014 scheduling order required Zhone to produce core technical documents as follows: "Defendants shall serve their Paragraph 4.b. disclosures as identified in the Default Standard <u>on June 26, 2014</u>."[1] (D.I. 19, at ¶ 2.) Paragraph 4.b. requires defendants to "produce to the plaintiff <u>the core technical documents related to the accused product(s)</u>, including but not limited to operation manuals, product literature, schematics, and specifications." (Default Standard For Discovery, Including Discovery Of Electronically Stored Information ("ESI") ("Default Standard") at ¶ 4.b.) There is no exception, express or implied, for third party documents in the possession of Defendants. *See id.*

      Third party documents relating to the DSL chips that provide DSL functionality to the accused products are relevant. Indeed, Zhone and the other defendants in the related cases[2] have argued *ad nauseum* that DSL chip information is highly relevant. *See, e.g.,* Jan. 5, 2015 Hearing

---

[1] All emphasis added.
[2] TQ Delta v. 2Wire, TQ Delta v. ZyXEL.

919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777-0300 • FAX: (302) 777-0301 • WWW.FARNANLAW.COM

Hon. Richard G. Andrews
February 19, 2015
Page 2

Transcript at p. 24, lns 3-5 ("The plaintiff has identified DSL chips as the focus of their infringement theory right now."); id. at p. 20, lns. 13-17 ("[A]s the Court knows, the defendants here 2Wire, my clients, Zhone and ZyXEL, they do not make the chips that provide the accused DSL functionality."); id. at p. 44 ln 17 – p. 45, ln 25 ("It seems clear, I think, that plaintiff knows that the chips are not our chips, and they have that information in a chart. . . . If they go out and investigate those chips, and find out how those chips work, and then they say, our patents do this particular aspect of the chip, or the chip does, you know, these -- meets these limitations in our claims, you bought that chip, therefore, you know, you now infringe."); id. at p. 32, lns. 19-21 ("The plaintiff's need to get that information from the third-party chip suppliers, and put that in their infringement contentions, and then we can all look at it."); id. at p. 38, lns 17-20 ("This is an attempt to pass the burden on to the defendants of talking with Broadcom and the third-party chip suppliers.").

Zhone produced a range of documents, including a Lantiq chip specification on January 16, 2015. (Ex. B.[3]) Then, in a January 20, 2015 letter, Zhone's counsel confirmed that it was "not withholding any third-party technical documents on the basis of a confidentiality obligation between Zhone and the third-party." (Ex C.) After sending the confirmation letter, on February 5, 2015, Zhone indicated that it had inadvertently produced the chip specification. (Ex. D ("We request that it be immediately returned and that all copies be destroyed. The document is subject to a confidentiality obligation between Zhone and Lantiq, and Lantiq has objected to its production.")

During the parties' February 18, 2015 "meet and confer," Zhone's counsel indicated that Zhone's only objection to producing the document is based on its alleged confidentiality obligation to Lantiq. To address precisely such confidentiality concerns, there is a highly detailed Protective Order in place in this case that protects the confidential information of parties and third parties alike. (D.I. 33, at p. 1) ("This Protective Order (the "Order") governs the production or exchange of documents and other discovery materials in connection with the above-captioned action (the "Action") by or between the Parties and any third parties, either through the formal discovery process or informally.") The Protective Order specifically allows a party to designate documents "Confidential," "Highly Confidential – Attorneys Eyes Only," or "Highly Confidential – Source Code." Id. at ¶¶ 2.3, 2.5, and 2.6. By way of example, the "Highly Confidential – Attorneys Eyes Only" designation severely restricts access to the documents and is intended for "highly sensitive 'Confidential Information or Items,' the disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means." Id. at ¶ 2.5. Zhone should not be allowed to

---

[3] The letter incorrectly stated that the documents produced ended at ZTI00012253, but actually included the chip specification in question, namely ZTI00012303-2387.

Hon. Richard G. Andrews
February 19, 2015
Page 3

circumvent its discovery obligations by ignoring the safeguards and procedures already provided by order of the Court.

At the January 5, 2015 Hearing, the Court addressed whether TQ Delta should *first* seek discovery from third party chip manufacturers, stating as follows: "the rules kind of contemplate that <u>to the extent you can get the information from the defendants, it's better to get them from the defendants rather than the third parties</u>." *Id.* at p. 44 ln 16 – p. 45, ln 25. Consistent with this statement, the cases are legion that stand for the proposition that "third party confidentiality concerns do not outweigh legitimate grounds to compel production." *Wyeth v. Orgenus Pharma*, 09-3235 (FLW), 2010 U.S. Dist. LEXIS 111004 (D.N.J. Oct. 19, 2010).[4]

Zhone does not dispute that the documents in dispute are core technical documents relating to the accused products. Zhone has the document(s) at issue in its possession. The Protective Order already addresses any potential concerns about third party confidentiality. Moreover, the law very clearly favors obtaining discovery from parties rather than non-parties. TQ Delta therefore respectfully requests that the Court enter an order compelling Zhone to produce within one week all responsive third party documents and information withheld on the basis of confidentiality obligations, including but not limited to ZTI00012303-2387.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-Filing)

---

[4] *See also, e.g., Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582-83 (N.D. Cal. 2008); *Datapoint Corp. v. Picturetel Corp.*, 1988 WL 51356, at *2 (N.D. Tex. 1998); *Key Pharm., Inc., v. ESI-Lederle, Inc.*, 1997 WL 560131, at *2-4 (E.D. Pa. 1997); *Am. Standard, Inc. v. Pfizer, Inc.*, 1988 WL 156152, at *2 (S.D. Ind. 1988).