## SEITZ, VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
KEVIN A. GUERKE
JARED T. GREEN

Writer's Direct Dial:  (302) 888-7603
Writer's E-Mail Address:  jgreen@svglaw.com
www.svglaw.com

(302) 888-0600
FAX: (302) 888-0606

February 20, 2015

**VIA E-FILING (CM/ECF)**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 6325
Wilmington, DE 19801-3555

    Re:    TQ Delta LLC v. Zhone Technologies, Inc., 1:13-cv-01836 RGA

Dear Judge Andrews:

    I write on behalf of Zhone Technologies, Inc. ("Zhone") in response to the letter that TQ Delta, LLC ("TQ Delta") filed on February 19, 2015. The issue raised by TQ Delta involves a single document that was provided to Zhone by third-party Lantiq under the terms of a non-disclosure agreement. Zhone is presently withholding the document at the explicit direction of Lantiq, and Zhone has informed both TQ Delta and Lantiq that Zhone intends to produce the document under the terms of the protective order in this case in the next ten days unless Lantiq takes steps to prevent such production. TQ Delta has not suggested in its letter or in meet and confer discussions any prejudice from having to wait ten days to give Lantiq time to contact the Court should it choose to do so. As TQ Delta knew all along, Zhone never objected to producing this document beyond this narrow third-party-confidentiality issue, which Zhone was working to resolve. Thus, there is no present discovery dispute between Zhone and TQ Delta, and there was no need to involve the Court.

The Honorable Richard G. Andrews
February 20, 2015
Page 2 of 2

Nevertheless, TQ Delta has not only raised the issue with the Court but appears to be seeking an order beyond the scope of the only issue raised in its letter – the one Lantiq document. Zhone has confirmed that it is not withholding other third-party documents located in its collection of core technical documents based on confidentiality. Yet TQ Delta's letter seeks a broad order that would require Zhone to produce documents that TQ Delta has never identified and discussed with Zhone. Such a blanket order would be inappropriate given that the parties have met and conferred regarding only the single Lantiq document that has been identified by Zhone and to the Court.

Finally, Zhone requests that if the Court is inclined to enter any order requiring production of the Lantiq document (or any other third-party document for that matter), that the order provide time for the third-party to address the order with the Court. TQ Delta informed Zhone of the upcoming discovery conference for the first time on the afternoon of February 18, 2015. Zhone informed Lantiq shortly thereafter and Zhone is presently unaware what, if any, steps Lantiq may take given the short notice it received. Fundamental fairness suggests that Lantiq be given at least a brief period to respond, and Zhone continues to believe that a further ten days is both reasonable and non-prejudicial.

Respectfully submitted,

/s/ James S. Green, Sr.

James S. Green, Sr. (DE0481)

cc: Clerk of the Court (Via E-Filing (CM/ECF))
Counsel of Record (Via E-Filing (CM/ECF))