

August 25, 2015

**VIA E-FILE**
The Honorable Richard G. Andrews
USDC for the District of Delaware
844 North King Street, Unit 9, Room 6325
Wilmington, DE 19801

**FILED UNDER SEAL**

Re:   *TQ Delta LLC v. Zhone Technologies, Inc., (C.A. No. 13-cv-1836-RGA)*

Dear Judge Andrews:

I write on behalf of Plaintiff TQ Delta, LLC ("TQ Delta") with respect to a discovery dispute. Defendant Zhone Technologies, Inc. ("Zhone") refuses to produce unquestionably relevant xDSL chip specifications, xDSL chip data sheets, xDSL chip firmware/software release notes, and the like ("xDSL Chip Documents") within their possession, custody, and/or control. These xDSL Chip Documents provide implementation details for functionalities of the xDSL chips used in the Accused Products. (Zhone and the other defendants have consistently asserted that the relevant xDSL functionality is provided by the xDSL chips, which are made by third parties.) During his deposition, Zhone's corporate designee testified that Zhone's xDSL chip supplier, Broadcom, provides certain xDSL Chip Documents on a customer-specific portal for Zhone. In short, Zhone has possession of, and control over, these readily-accessible xDSL Chip Documents.

**Withheld xDSL Chip Documents.** TQ Delta's counsel will bring an example of these documents to the discovery conference. Although Zhone did produce some xDSL Chip Documents for certain Broadcom xDSL chips (nine total), Zhone refuses to produce all xDSL Chip Documents for all of the xDSL chips it employs in the Accused Products. For example, it has not produced any xDSL Chip Documents for at least ███████ chip model nos. ███████

First, Zhone has possession of the relevant xDSL Chip Documents, but refuses to produce many of them to TQ Delta in this matter. During the Rule 30(b)(6) deposition of Zhone, Zhone's designee testified that Broadcom provides and Zhone requires a xDSL chip specification for each of its xDSL products. In other words, Zhone has in its possession a xDSL Chip Documents for each Accused Product. On this issue, Zhone's corporate representative testified as follows:



919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777-0300 • FAX: (302) 777-0301 • WWW.FARNANLAW.COM



As ▮▮▮ testified, ▮▮▮ Zhone therefore has chip data sheets stored on its own system for all chips used in its products. Yet, Zhone failed to produce any such chip information for many of its Accused Products. Zhone's promises to supplement *if* it finds additional technical documents is not acceptable. TQ Delta respectfully requests an order compelling Zhone to thoroughly search its corporate databases, including the directories of the primary interfaces with Broadcom.

Second, even if Zhone does not possess a printed hard-copy and/or a downloaded electronic copy of certain xDSL Chip Documents – despite the testimony of its corporate designee – Zhone has "control" of those documents by virtue of access to a ▮▮▮ portal through which Zhone can readily view and download these documents at its whim. Zhone's corporate designee confirmed that it has ready access to these documents if and when Zhone employees choose:



Given such ready access by Zhone, there should be no dispute that Zhone has possession, custody, or control of the xDSL Chip Documents.

Zhone is apparently relying on an alleged difference between xDSL Chip Documents for which it currently stores an electronic file on its own data servers and xDSL Chip Documents for which the electronic file is stored on a third-party's data servers, despite the fact that it can access, view, and download the electronic files as it chooses. Such a distinction is arbitrary in an Internet-connected, cloud-based world where the *location* of electronic data storage is meaningless. More importantly, however, Zhone could choose to view all of the documents to prepare its case but choose to download to its data servers only those documents that it deemed favorable and thereby hinder discovery of documents harmful to its case.

In the Third Circuit, Zhone has "control" over the xDSL Chip Documents for the purpose of Fed. R. Civ. P. 34(a). *See, e.g., Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d. Cir. 2004) ("In the context of Fed. R. Civ. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control.") (emphasis added); *see also Haskins v. First Am. Title Ins. Co.*, Civil No. 10-5044 (RMB/JS), 2012 U.S. Dist. LEXIS 149947 (D. N.J. Oct. 18, 2012) citing *Camden Iron & Metal*,

138 F.R.D. at 441 ("A party is not required to have physical possession of documents for control to be present.").

TQ Delta therefore respectfully requests an order compelling Zhone to produce the xDSL chip specifications and other chip technical documentation for the ████████████ ████████████████████████████ xDSL chips, and any other chips for which Zhone has possession or control as described above.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (via E-Mail)