# SEITZ, VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
KEVIN A. GUERKE
JARED T. GREEN

Writer's Direct Dial:  (302) 888-7606
Writer's E-Mail Address: jtgreen@svglaw.com
www.svglaw.com

(302) 888-0600
FAX: (302) 888-0606

August 26, 2015

**VIA E-FILING**

**(Filed Under Seal)**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 6325
Wilmington, DE  19801-3555

      Re:   *TQ Delta, LLC v. Zhone Technologies, Inc.*
             Civil Action No. 13-1836-RGA

Dear Judge Andrews:

     We write on behalf of defendant Zhone Technologies, Inc. and in response to the letter submitted to the Court by TQ Delta, LLC on August 25, 2015 (D.I. 76). These letters relate to the discovery conference scheduled with the Court for August 27, 2015 at 2:30 p.m.

     The discovery dispute centers on TQ Delta's demand that Zhone access a Broadcom proprietary, third-party website solely for the purpose of downloading and producing confidential Broadcom documents to TQ Delta. Under the Federal Rules and applicable case law, TQ Delta's demand is legally baseless (as well as entirely unnecessary). Zhone respectfully requests that the Court deny TQ Delta's demand.

     TQ Delta's demand that Zhone access Broadcom's website in order to collect documents for production in this lawsuit runs contrary to the Federal Rules and applicable case law. Rule 34 of the Federal Rules of Civil Procedure requires production of documents in the "possession, custody or control" of a party. There is no dispute here that these Broadcom documents are not in the possession or custody of Zhone. Instead, TQ Delta argues that they are in Zhone's "control" because Zhone has access to the Broadcom Customer Support Portal. In the context of Rule 34, "the Third Circuit defines 'control' as the 'legal right to obtain the documents required

The Honorable Richard G. Andrews
August 26, 2015
Page 2 of 3

on demand.'" *See Inline Connection Corp. v. AOL Time Warner Inc.*, 2006 WL 2864586, *1 (D. Del. Oct. 5, 2006) (quoting *Gerling International Ins. Co. v. Commissioner of Internal Revenue*, 839 F.2d 131, 140 (3d Cir. 1998)). But Zhone has no contractual right to access Broadcom's private website and download Broadcom's confidential documents for the purposes of producing them to TQ Delta. Indeed, Broadcom has informed Zhone that such conduct is specifically not authorized. *See* D.I. 79. Thus, Zhone does not have legal control of Broadcom's confidential documents that might be accessible through Broadcom's confidential Customer Support Portal, and TQ Delta cannot meet its burden to establish otherwise. *See Inline Connection*, 2006 WL 2864586, at *1 (moving party bears burden to establish that "control" exists).

TQ Delta cites *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004), to suggest that Zhone has control of Broadcom's documents if it has the "ability to obtain" them. But the very same argument was made and rejected in *Inline Connection v. AOL Time Warner*. 2006 WL2864586, *1. As the court there recognized: "*Mercy Catholic* examined a party's control over documents specifically in the context of the principal-agent relationship. It did not address the issue of document production as between two independent corporations who conduct business at arm's length ...." *Id.* But that is exactly the case here: Zhone buys components from Broadcom (i.e., the companies conduct business at arm's length), and thus *Mercy Catholic* does not apply. Instead, "[i]n the case of two independent corporate entities ... production of documents would only occur when the respective business operations of each independent entity are 'so intertwined as to render meaningless' their distinct corporate identities." *Id.* (quoting *Novartis Pharmaceuticals Corp. v. Eon Labs Manufacturing, Inc.*, 206 F.R.D. 392, 395 (D. Del. 2002)). TQ Delta does not even suggest any intertwining of business operations here. Its reliance on *Mercy Catholic* is misplaced, and its argument that Zhone should be compelled to access Broadcom's proprietary customer portal and download documents without authorization in order to produce them to TQ Delta is wholly without merit.

TQ Delta also asserts that Zhone possesses documents in its Agile document management system related to specific Broadcom chips but has refused to produce them. This is false. TQ Delta identified only one of the chips, the BCM6328, in meet and confer discussions, and Zhone explained why it does not have a Broadcom datasheet for that chip. By letter of July 9, 2015, Zhone explained (citing the testimony of its corporate representative deponent, with emphasis added):



Presworsky Tr. at 83:20-85:2. As Mr. Presworsky

22-101:14.

*We have produced*

The Honorable Richard G. Andrews
August 26, 2015
Page 3 of 3

> *all responsive Broadcom documents maintained in the Agile system. If Zhone has not produced a data sheet for a particular Broadcom DSL chip used in an accused product, that means there is no Broadcom data sheet in Agile.*

It is difficult to imagine how Zhone could have provided a clearer explanation, and indeed TQ Delta did not respond to Zhone's letter or suggest at any time before filing its August 25 letter brief that it was dissatisfied with the explanation. Instead, TQ Delta simply asserts to the Court that Zhone must have documents in Agile related to the BCM6328 chip without any regard to Zhone's explanation. And it identified seven additional Broadcom chips that *TQ Delta never raised with Zhone before filing its letter brief.* Nevertheless, Zhone has confirmed that it does not have any documents regarding these additional seven Broadcom chips in its Agile document management system either. Zhone would have told TQ Delta the same if it had asked.

TQ Delta's discovery demands directed to Zhone are legally and factually baseless. TQ Delta has ample information to seek third-party discovery from Broadcom (e.g., a detailed list of every Broadcom chip used in the accused Zhone products, detailed non-infringement contentions). There is no legitimate excuse for it to continue to refuse to seek Broadcom documents from Broadcom.

Respectfully submitted,

/s/ Jared T. Green

JARED T. GREEN, ESQ. (DE5179)

JTG/sp

cc:   Counsel of Record (Via E-Mail)

## CERTIFICATE OF SERVICE

I, JARED T. GREEN, hereby certify that on the August 26, 2015 the letter of Defendant Zhone Technologies, Inc. in response to the letter submitted to the Court by TQ Delta, LLC on August 25, 2015 (D.I. 76) relating to the discovery conference scheduled with the Court for August 27, 2015 at 2:30 p.m. (filed under seal) was served upon counsel listed below as indicated:

**VIA E-MAIL**

Brian E Farnan
Michael Farnan
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

**VIA E-MAIL**

Paul W. McAndrews
Peter J. McAndrews
Anna M. Targowska
Sharon A. Hwang
Thomas J. Wimbiscus
Timothy J. Malloy
Michael S. Tomsa
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
pwmcandrews@mcandrews-ip.com
pmcandrews@mcandrews-ip.com
atargowska@mcandrews-ip.com
shwang@mcandrews-ip.com
twimbiscus@mcandrews-ip.com
tmalloy@mcandrews-ip.com
mtomsa@mcandrews-ip.com

/s/ Jared T. Green
JARED T. GREEN (DE5179)